Argued and submitted July 13, reversed and remanded for reconsideration
October 10, 1990

ACCIDENT PREVENTION DIVISION,
*Respondent,*

*v.*

RLC CORP./MATLACK, INC.,
*Petitioner.*

(SH-88817; CA A62767)

798 P2d 712

Thomas W. Brown, Portland, argued the cause for petitioner. With him on the brief was Cosgrave, Vergeer & Kester, Portland.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order approving a citation by the Accident Prevention Division (Division) for a safety violation under the Oregon Safe Employment Act. ORS 654.001 *et seq.* We reverse.

Employer makes three assignments of error relating to the citation for violation of OAR 437-41-035(4), which alleged that there was a dangerous gap between a loading platform owned by a third party and employer's tanker trucks that were being filled at the loading platform. The only assignment meriting discussion relates to whether the Board applied the correct legal standard in analyzing employer's so-called "Grossman/Anning-Johnson" defense. *See Grossman Steel & Aluminum Corporation,* 4 OSHC (BNA) 1185 (1976); *Anning-Johnson Company,* 4 OSHC (BNA) 1193 (1976).

The defense is stated in Division's Field Compliance Manual:

"3. * * * Prior to issuing citations to an employer with employees exposed to a hazard, it must first be determined whether the exposing employer(s) has a legitimate defense to the citation, as set forth below:

"a.  The employer did not create the hazard;

"b.  The employer did not have the authority or the ability to correct the hazard;

"c.  The employer made a reasonable effort to persuade the controlling employer to correct the hazard;

"d.  The employer has instructed, and where necessary, informed employees how to avoid or minimize the dangers associated with the hazardous conditions and, where feasible, has taken alternative means of protecting employees from the hazard short of walking off the job (except when special circumstances require such extreme action).

"Note:  All of these items must be documented in the case file."

The Board concluded that defendant had violated the safety rules, because "a hinged extension [to the platform] might have been considered, probably relatively inexpensively." That conclusion was made without any evidence about that possible safety measure's cost. In any event, the

question is not whether alternatives could have been considered but were not; it is whether, overall, the employer did what was reasonable under the circumstances to protect its employees from the hazard. *Anning-Johnson Company, supra,* 4 OSHC at 1198. The Board did not make any findings relating to the reasonableness of employer's actions.

Reversed and remanded for reconsideration.